UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Judy Sampson,                                                                Case No. 3:12-cv-00824

          Plaintiff

   v.                                                                                        ORDER


Sisters of Mercy of Willard, Ohio, et al.,

          Defendants.


      Defendants Sisters of Mercy of Willard, Ohio, *et al.*, seek a protective order limiting the scope of a second deposition of a witness and prohibiting Plaintiff Judy Sampson from requesting or receiving additional written discovery. (Doc. No. 78). Sampson seeks production of data from a quality-of-care reporting program Defendants maintain and to depose, for a second time, Sampson's former supervisor, Barbara Fry. Defendants do not oppose Sampson's request to conduct a second deposition, as long as that deposition does not extend beyond incidents which occurred prior to Sampson's termination and that are described in documents that were not available to Sampson at the time of Fry's first deposition. The parties have fully briefed Defendants' motion. For the reasons stated below, Defendants' motion is granted in part and denied in part.

      Defendants argue Sampson's request for data that post-dates her termination is improper because courts have held that type of evidence is not relevant to an employer's motivation for terminating the plaintiff-employee. As Sampson correctly notes, however, the cases on which Defendants rely confront a different stage of the proceedings. *See, e.g., McElroy v. Philips Med. Sys. N. Amer., Inc.*, 127 F. App'x 161 (6th Cir. 2005) (summary judgment), *Tibbs v. Calvary United Meth.*

*Church*, 505 F. App'x 508, 515 (6th Cir. 2012) (summary judgment), *Kaveler v. U.S. Bancorp*, No. 06-cv-04, 2008 WL 2414858 (S.D. Illinois June 12, 2008) (pretrial liminal motion).  Rule 26 requires only that the requested discovery concern a matter "relevant to the subject matter involved in the action" and that it "appear[] reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  Sampson asserts the data she requests may lend support to her theory that similarly situated employees committed similar or more egregious errors than Sampson and yet were not terminated or disciplined for their actions.  Defendants fail to show Sampson's requested discovery violates Rule 26's admonition.

Moreover, Defendants' assertion that producing the requested discovery is unduly burdensome is not persuasive.  (*See* Doc. No. 77 at 5-6).  While there is cost associated with the production of any discovery, Defendants concede "the current reports [which make up the remainder of Sampson's outstanding discovery requests] are not difficult to retrieve . . . ."  (Doc. No. 77 at 6).  The fact that discovery in this case has been a lengthy and expensive undertaking is not sufficient to bar Defendants' production of what appears to be a small amount of easily accessible files and documents.

Defendants also argue Sampson could obtain the information she seeks through other documents Defendants already have produced.  (Doc. No. 77 at 5).  Defendants previously represented to me, by letter on September 13, 2013, that the information in the Quantros and SafeCare database management systems was available only to a quality assurance committee and to certain employees on a need-to-know basis.  In light of this, I find Defendants' contention unpersuasive.

On June 6, 2013, Sampson requested production of data "from 2008 to present."  (Doc. No. 78 at 2).  While she continues to request production through the present, she does not explain why data Defendants accumulated in the year since her request should be included in Defendants' response now.  Therefore, Defendants need only produce the requested data and documents from the date of Sampson's termination through June 2013.

  Finally, Sampson does not oppose Defendants' request that she be prohibited from asking Fry, during her second deposition, about events and documents of which Sampson was aware at the time of Fry's initial deposition.  The scope of Fry's second deposition will be limited to previously unavailable documents and incidents.

  So Ordered.

                s/ Jeffrey J. Helmick
                United States District Judge