IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JUDY SAMPSON, | ) | CASE NO. 3:12-cv-00824 |
| | ) | |
| Plaintiff, | ) | JUDGE JEFFREY J. HELMICK |
| | ) | |
| v. | ) | |
| | ) | |
| SISTERS OF MERCY OF WILLARD, | ) | **PLAINTIFF'S SECOND MOTION *IN*** |
| OHIO d/b/a MERCY WILLARD | ) | ***LIMINE* TO EXCLUDE EVIDENCE** |
| HOSPITAL, *et al.*, | ) | **AND TESTIMONY REGARDING** |
| | ) | **DEFENDANT'S "NONPROFIT"** |
| Defendants. | ) | **STATUS** |
| | ) | |

**I.     INTRODUCTION**

Plaintiff, Judy Sampson ("Sampson"), through counsel, hereby moves *in Limine* for an Order barring Defendant, Sisters of Mercy of Willard, Ohio ("Defendant") from making any reference at trial to the fact that Defendant is a "nonprofit" hospital or "charitable" institution. Such evidence is irrelevant to the facts of this case. Additionally, any probative value that evidence may purportedly have is substantially outweighed by the danger of unfair prejudice. For these reasons such evidence must be excluded at trial.

**II.    LAW AND ARGUMENT**

  **A.    Defendant's Status as a Nonprofit Hospital Is Not Relevant to This Litigation**

Rule 402 of the Federal Rules of Evidence provides that relevant evidence is admissible and irrelevant evidence is not admissible. Evidence is relevant if:

> …it has any tendency to make a fact more or less probable or than it would be without the evidence; and the fact is of consequence in determining the action.

{00824839-1}

As the Court is well aware, the case pertains to whether Defendant intentionally discriminated against Sampson on the basis of her age by terminating her employment. The issues before the Court have **nothing** to do with the fact that Defendant is a "nonprofit" or "charitable" institution. See, e.g. *Lewis v. U.S.*, No. 02-2958-STA, 2014 U.S. Dist. LEXIS 108689, *4 (W.D. Tenn. Mar. 25, 2014) (granting motion *in limine* to exclude charitable activities and donations because such evidence did "not make it more or less probable that Lewis is personally liable for trust fund recovery penalties"); *Dahlin v. Evangelical Child and Family Agency*, No. 01 C 1182, 2002 U.S. Dist. LEXIS 24558, *26 (N.D. Ill. Dec. 23, 2002) (granting motion *in limine* to exclude agency's "not-for-profit" status as irrelevant). As such, introduction of testimony regarding Defendant's nonprofit or charitable status does not make the existence of any fact that is of consequence to the determination of this action more probable or less probable then it would be without such evidence. Therefore, Defendant should be precluded from introducing any evidence or testimony related to that fact that it is a "nonprofit" or "charitable" institution.

### B. In the Alternative, Any Probative Value of Defendant's "Nonprofit" Status is Substantially Outweighed by the Danger of Unfair Prejudice to Sampson

Rule 403 of the Federal Rules of Evidence provides as follows:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Implementation of the rule insures that unfairly prejudicial evidence will not be presented; that evidence will not be introduced that will confuse the issues; and that a party will not be permitted to cause or waste time by the presentation of marginally relevant or cumulative evidence. *Atkinson Warehousing & Distribution, Inc. vs. Ecolab, Inc.*, 99 F. Supp 2d 665 (D. Md. 2000).

Introducing evidence that Defendant is a "nonprofit" hospital or "charitable" institution could unfairly prejudice a jury against the Plaintiff. See, e.g. *Miles v. William Farrell, M.D.*, No 78 C 481, 1984 U.S. Dist. LEXIS 19116, *2 (N. D. Ill. Feb. 27, 1984) (granting motion *in limine* to prevent references to hospital's "not-for-profit" status because it would introduce "an extraneous issue and tend to confuse the jury"). While the terms "nonprofit" and "charitable" pertain to the organization's mission and tax liability, jurors may not be willing to hold a "nonprofit" hospital or "charitable" institution financially responsible for its actions based on a misunderstanding of those terms. This would create an unfair prejudice that clearly outweighs the probative value of this evidence. Accordingly, all evidence and testimony regarding the fact that Defendant is "nonprofit" hospital or "charitable" institution should be excluded under Rule 403 of the Federal Rules of Evidence.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Second Motion *In Limine* should be granted and Defendant should be barred from making any reference to the fact that Defendant is a "nonprofit" or "charitable" institution.

        Respectfully submitted,

        */s/John E. Moran*
        Ellen S. Simon (#0006739)
        *ess@mccarthylebit.com*
        Ann-Marie Ahern (#0070020)
        *ama@mccarthylebit.com*
        John E. Moran (#0087272)
        *jem@mccarthylebit.com*
        McCARTHY, LEBIT, CRYSTAL
         & LIFFMAN CO., L.P.A.
        101 West Prospect Avenue
        1800 Midland Building
        Cleveland, Ohio 44115
        (216) 696-1422 (*telephone*)
        (216) 696-1210 (*facsimile*)

        Attorneys for Plaintiff

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing *Plaintiff's Second Motion* in Limine *to Exclude Evidence and Testimony Regarding Defendant's "Nonprofit" Status* was filed electronically on December 21, 2015. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

        */s/John E. Moran*
        John E. Moran (#0087272)