UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Judy Sampson,                                              Case No. 3:12-cv-00824

             Plaintiff

      v.                                                    MEMORANDUM
                                                       OPINION & ORDER

Sisters of Mercy of Willard, Ohio, et al.,

             Defendants.

## I.     INTRODUCTION AND BACKGROUND

Plaintiff Judy Sampson seeks an order prohibiting Defendant the Sisters of Mercy of Willard, Ohio, from calling Barbara Burk as an expert witness at trial. (Doc. No. 154). Sampson formerly was employed as a radiology technician at Mercy Willard Hospital. (*See* Doc. No. 100 at 1-3). Sampson asserts Defendant discriminated against her on the basis of her age in violation of federal and state law. (Doc. No. 22). Defendant intends to call Burk as an expert witness to pursue the affirmative defense that Sampson has failed to mitigate her damages. (Doc. No. 154 at 4). It is undisputed Defendant did not formally include failure-to-mitigate as an affirmative defense in the answers it filed in this case. At my request and in order to expedite resolution of this matter, the parties submitted position statements. (Doc. No. 158 and Doc. No. 160). For the reasons stated below, Sampson's motion is denied.

## II. STANDARD

As a general matter, a defendant is required to plead in its answer any affirmative defense on which it intends to rely. Fed. R. Civ. P. 8(c). The defendant's failure to assert an affirmative defense, however, does not automatically result in waiver of that defense. *Seals v. Gen. Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008) (citing *Moore, Own, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1445 (6th Cir. 1993)). Rule 8(c) is designed to provide "the opposing party notice of the affirmative defense and a chance to rebut it." *Moore, Owen, Thomas & Co.*, 992 F.2d at 1445 (citation omitted). If the opposing party "receives notice of an affirmative defense by some means other than pleadings" – thereby satisfying the policy underlying Rule 8(c) – the defendant will not be found to have waived the affirmative defense. *Id.* (quoting *Grant v. Preferred Research, Inc.*, 885 F.2d 795, 797 (11th Cir. 1989)).

## III. ANALYSIS

Defendant does not dispute it failed to plead failure-to-mitigate as an affirmative defense, but argues its conduct of discovery as well as communications between counsel are sufficient to place Sampson on notice it intended to proceed with this affirmative defense.

The court's decision in *Nemeth v. Citizens Fin. Group*, 2012 WL 3262876 (E.D. Mich. Aug. 9, 2012), is instructive. In *Nemeth*, the defendant failed to plead the affirmative defenses of failure-to-mitigate and after-acquired evidence but filed a motion in limine asserting those defenses after the court ruled on the defendant's motion for summary judgment. *Id.* at *2-3. While the defendant did not formally plead those defenses, it (1) reserved its right to amend its answer to assert other defenses, (2) made specific discovery requests regarding mitigation, (3) explored the issue of mitigation during the plaintiff's deposition, and (4) raised the defense in correspondence between counsel at an earlier stage of the case. *Id.* at *3.

The deposition questions defense counsel asked Nemeth were very similar to those Defendant's attorney asked Sampson at her deposition. In *Nemeth*, the plaintiff was asked if she was

employed, about the businesses she owned, and the types of jobs for which she had applied since her termination. (*Nemeth*, 2:08-cv-15326, Doc. No. 65-3 at 3-10). At Sampson's deposition, defense counsel asked Sampson if she had obtained new employment, if she had any income to support herself, about any jobs she had applied for since her termination, and the geographical scope of her job search. (Doc. No. 158-1).

In its motion for leave to take a follow-up deposition, Defendant stated it wanted to depose Sampson regarding her economic damages, her efforts at mitigation, and her job search efforts over the past few years. (Doc. No. 139 at 1). Defendant believes this follow-up deposition is necessary because Sampson has produced 83 pages of documents concerning her efforts to find work since her first deposition. Sampson did not seek to restrict this limited scope of the follow-up deposition, instead asking me to permit her to depose certain witnesses Defendant disclosed late in the discovery period. (Doc. No. 144-1). During the January 8, 2016 discovery dispute conference over which Magistrate Judge James R. Knepp presided, plaintiff's counsel expressly identified "the limited issue of damage or mitigation since [Sampson's] first deposition" as the primary reason for Sampson's upcoming follow-up deposition.

Additionally, counsel for the parties have discussed supplementing discovery regarding Sampson's continued efforts to obtain employment and mitigate her damages. (*See* Doc. No. 158-2 at 1-2; Doc. No. 158-3 at 2). Defendant also included a reservation of rights to pursue additional defenses in its answers. (*See, e.g.,* Doc. No. 23 at 6).

I am not persuaded by Sampson's attempt to distinguish her supplementation by arguing it related only to the issues of mitigation as an offset of damages and whether Sampson remains a member of the labor force. (*See* Doc. No. 160 at 9-11). Mitigation-as-an-offset and failure-to-mitigate are part of a continuum, and are not unrelated or even black and white issues. Defendant's failure to use the precise phrase "failure to mitigate" does not render its mitigation-related language and discovery requests and responses unrelated to that defense.

Sampson is not prejudiced by Defendant's omission of the failure-to-mitigate affirmative defense from its answer. *See Moore, Owen, Thomas & Co.*, 992 F.2d at 1445 ("[I]f a plaintiff receives notice of an affirmative defense by some means other than pleadings, the defendant's failure to comply with Rule 8(c) <u>does not cause the plaintiff any prejudice</u>." (emphasis added) (citation and internal quotation marks omitted). Additionally, Sampson will be given whatever amount of time she reasonably requires to obtain lay or expert witnesses to rebut Defendant's failure-to-mitigate arguments at trial. *See Smith v. Sushka*, 117 F.3d 965, 969 (6th Cir. 1997) (district court's decision to permit defendant to pursue omitted affirmative defense did not cause plaintiff unfair prejudice, in part because the court "extended the trial date in order to give [plaintiff] the opportunity to fully respond to . . . the issues").

Finally, Sampson argues Defendant should not be permitted to amend its answer to add failure-to-mitigate as an affirmative defense because Defendant cannot satisfy Rule 16's "good cause" standard. (Doc. No. 160 at 7). A formal amendment, however, is not the only manner in which an "un-pled" affirmative defense may become part of a case. The Sixth Circuit repeatedly has permitted defendants to pursue omitted affirmative defenses which were raised informally as long the plaintiff has received notice and a chance to rebut. *See, e.g., Moore, Owen, Thomas & Co.*, 992 F.2d at 1445 (permitting counter-claim defendant to raise an affirmative defense explicitly raised for the first time in opposition to counter-claim plaintiff's summary judgment motion); *Smith*, 117 F.3d at 969 (permitting defendant to raise affirmative defense for the first time in defendant's second motion for summary judgment).

Therefore, I conclude Sampson received sufficient notice of Defendant's intent to pursue this defense through the conduct of discovery and communications between counsel, and Defendant did not waive the failure-to-mitigate affirmative defense.

4

## IV. CONCLUSION

For the reasons stated above, Sampson's motion to strike Barbara Burk, (Doc. No. 154), is denied. Defendant is permitted to present evidence at trial in support of the affirmative defense of failure-to-mitigate.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge