UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Judy Sampson,                                                Case No. 3:12 cv 824

        Plaintiff

    v.                                                         MEMORANDUM OPINION
                                                                  & ORDER

Sisters of Mercy of Willard, Ohio, et al.,

        Defendants

## I.     INTRODUCTION

Defendant Sisters of Mercy of Willard, Ohio, has filed a motion for leave to file a Rule 12(c) motion. (Doc. No. 156). Defendant contends Plaintiff Judy Sampson's state-law age discrimination claim is barred by the statute of limitations and that it is entitled to judgment on that claim as a matter of law. (Doc. No. 156-2). Sampson argues the motion for leave should be denied as untimely and that Defendant's motion, if considered, should be denied on its merits. (Doc. No. 161; Doc. No. 166). For the reasons stated below, Defendant's motion for leave is granted, its Rule 12(c) motion is converted into a Rule 56 motion for summary judgment, and Sampson's claim for age discrimination in violation of Ohio law is dismissed because it is barred by the statute of limitations.

## II.     BACKGROUND

Sampson worked as a radiology technician at Mercy Willard Hospital until December 27, 2010. (Doc. No. 1 at 2-3). Sampson believed her termination was the result of age discrimination and therefore obtained counsel. Discrimination claims under Ohio law must be filed with a court

within 180 days of the challenged employment action, so on June 23, 2011, Sampson filed suit in the Huron County, Ohio Court of Common Pleas, alleging violations of Ohio Revised Code §§ 4112.02 and 4112.99. (*See* Doc. No. 156-3). Sampson also had filed a charge of discrimination with the Equal Employment Opportunity Commission but did not receive her right-to-sue letter until January 10, 2012. (Doc. No. 1-1). After receiving her right-to-sue letter, Sampson filed suit in this court on April 5, 2012, alleging violation of the Age Discrimination in Employment Act. (Doc. No. 1). Sampson moved to amend her complaint to add her state-court claims on June 4, 2012, and her motion was granted on June 7, 2012. (*See* Doc. No. 9). She dismissed her state-court action on June 20, 2012. (Doc. No. 156-3).

On January 29, 2016, Defendant filed a motion for leave to file a Rule 12(c) motion for judgment on the pleadings, (Doc. No. 156), as well as its Rule 12(c) motion. (Doc. No. 156-1). Sampson opposes Defendant's motion for leave, (Doc. No. 161), as well as its Rule 12(c) motion. (Doc. No. 166). Defendant filed reply briefs in support of its motion for leave, (Doc. No. 162), and its Rule 12(c) motion. (Doc. No. 167).

### III. STANDARD

Rule 12(c) motions for judgment on the pleadings are analyzed by the same standard as Rule 12(b)(6) motions to dismiss for a failure to state a claim. *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008). If the parties present matters outside the pleadings for the court's consideration, "the motion must be treated as one for summary judgment," unless those matters are excluded. Fed. R. Civ. P. 12(d).

Summary judgment is appropriate if the movant demonstrates there is no genuine dispute of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). All evidence must be viewed in the light most favorable to the nonmovant, *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 390 (6th Cir. 2008), and all reasonable inferences are drawn in the nonmovant's favor. *Rose v. State Farm Fire & Cas. Co.*, 766 F.3d 532, 535 (6th Cir. 2014). A factual dispute is

2

genuine if a reasonable jury could resolve the dispute and return a verdict in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A disputed fact is material only if its resolution might affect the outcome of the case under the governing substantive law. *Rogers v. O'Donnell*, 737 F.3d 1026, 1030 (6th Cir. 2013).

### IV. ANALYSIS

Defendant contends the statute of limitations for Sampson's claims under Ohio law expired before she brought those claims in federal court and therefore it is entitled to judgment on those claims as a matter of law. Defendant asserts (1) Sampson's Ohio-law claims are barred by the statute of limitations because she filed them in federal court after the 180-day limitation period expired; (2) the Ohio Savings Statute, Ohio Revised Code § 2305.19(A), does not apply because Sampson brought her state-law claims for the second time before she dismissed her first-in-time filing; (3) Rule 15's relation-back doctrine does not apply; and (4) there is no basis for tolling the limitations period.

Sampson argues Defendant represented it did not object to Sampson's amendment of her complaint to add her claims under Ohio law and thus her Ohio age discrimination claim should not be dismissed under the doctrines of equitable estoppel and equitable tolling. Counsel for the parties exchanged several emails before and after Sampson amended her complaint to add her state-law claims. (*See* Doc. No. 166-2; Doc. No. 166-3; Doc. No. 166-4). In the first two exchanges, defense counsel indicated he would not oppose Sampson's anticipated motion to amend. (Doc. No. 166-2; Doc. No. 166-3). In the third, defense counsel stated Sampson's state-law claims would be barred by *res judicata* if this court exercised supplemental jurisdiction and granted the motion to amend. (Doc. No. 166-4). Sampson argues these statements support the application of equitable estoppel or equitable tolling and therefore her claim should not be dismissed.

Defendant replies it did not agree to waive its statute of limitations defense, either in the 2012 email exchanges or in the subsequent years, and that the equitable doctrines are inapplicable.

3

Defendant also argues the equitable doctrines are inapplicable because Sampson requests the invocation of equity with "unclean hands." (Doc. No. 167 at 9-10).

Consideration of the email exchanges is necessary to properly address Sampson's arguments, so Defendant's Rule 12(c) motion will be converted into a Rule 56 motion for summary judgment. Defendant had notice this conversion may occur and had a reasonable opportunity to respond with additional material or to ask for additional time. *See* Fed. R. Civ. P. 12(d). Defendant asserts it should prevail on either a Rule 12 or a Rule 56 standard. (Doc. No. 167 at 10).

### A. MOTION FOR LEAVE

Rule 16 requires a party to show good cause for modifying a court's scheduling order. Fed. R. Civ. P. 16(b)(4). Rule 12(h) permits a party to "state a legal defense to a claim" in a Rule 7 pleading, in a Rule 12(c) motion, or at trial. Fed. R. Civ. P. 12(h)(2). Defendant acknowledges the lateness of its filing, but also notes it is permitted to re-raise the statute-of-limitations defense at trial. I conclude good cause exists to permit Defendant to file its motion at this time, as addressing this issue now will simplify matters at trial and prevent needless confusion for the jury. Defendant's motion for leave is granted.

### B. STATUTE OF LIMITATIONS

Under Ohio law, age discrimination claims must be filed within 180 days of the challenged adverse employment action. Ohio Rev. Code § 4112.02(N). If an action is timely commenced and "the plaintiff fails otherwise than upon the merits, the plaintiff . . . may commence a new action within one year after the date of . . . the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later." Ohio Rev. Code § 2305.19(A). Generally, statutes of limitation and tolling principles regarding state-law claims are governed by state law. *Weikle v. Skorepa*, 69 F. App'x 684, 687 (6th Cir. 2003) (citation omitted).

Underneath the parties' recriminations of hidden motivations and devious intentions lies a simple procedural misstep. If Sampson had dismissed her case in state court before filing her

4

amended complaint in federal court, § 2305.19 would unequivocally apply and there would be no question that her state law claims were not barred by the statute of limitations.  *See, e.g., Cero Realty Corp. v. Am. Mfrs. Mut. Ins. Co.*, 167 N.E.2d 774, 777(Ohio 1960) (Section 2305.19 "contemplates (1) an action timely commenced, (2) failure of plaintiff in the action 'otherwise than upon the merits,' (3) expiration of the time limit for commencing the action at the date of such failure, and (4) the right of the plaintiff to commence a new action within one year of such failure."); *Reese v. Ohio State Univ. Hosp.*, 451 N.E.2d 1196, 1198 (Ohio 1983) (Ohio Revised Code § 2305.19 "can have no application unless an action was timely commenced, was dismissed without prejudice, and the applicable statute of limitations had expired by the time of such dismissal.").  She raised the same claims against the same defendants named in the state complaint and voluntarily dismissed her state case without prejudice.

In an apparent overabundance of caution, however, Sampson amended her complaint in this court to add her claims under Ohio law before dismissing her state case.  This chronology means the savings statute "does not apply."  *GLA Water Mgt. Co. v. Univ. of Toledo*, 2011-Ohio-4655, 2011 WL 4090426, at *3 (Ohio Ct. App. Sept. 15, 2011) (holding "the savings statute does not apply where a plaintiff files a second complaint before failing otherwise than upon the merits in a previous complaint") (quoting *Windsor House, Inc. v. Ohio Dep't of Job & Family Servs.*, 2010-Ohio-257, 2010 WL 323269, at *4 (Ohio Ct. App. Jan. 28, 2010)); *see also in re J.M.G.*, 2013-Ohio-2693, 2013 WL 3327565, at *5 (Ohio Ct. App. June 27, 2013).  There is no evidence Sampson did so in an attempt to game the system, but without the cushion of the savings statute, the statute of limitations for her state-law claims remained expired at the time she amended her complaint.

There also is no evidence that Defendant agreed to waive a statute-of-limitations defense by agreeing to the wisdom of litigating all claims in one forum, or sandbagged Sampson by not raising the statute-of-limitations defense until this point.  To establish a prima facie case for equitable estoppel, a party must show (1) a factual representation by words, acts, or silence; (2) the

5

representation was misleading; (3) the party seeking equitable estoppel actually relied on the representation, and that reliance was "reasonable under the circumstances and made in good faith"; and (4) the reliance was detrimental to the relying party. *First Fed. Sav. & Loan Ass'n of Toledo v. Perry's Landing, Inc.*, 463 N.E.2d 636, 648 (Ohio 1983). "[I]f silence is involved, it amounts to a representation only if the circumstances were such that the law recognized a duty to speak." *Id.* at 648. Even if I assume Defendant knew at the time of the May 7, 2012, or the May 21, 2012 emails of the exact procedural steps Sampson would need to take to amend her complaint without running afoul of the statute of limitations, Defendant's silence on the issue cannot be considered a representation because neither Defendant nor its attorney had "a duty to speak." *Id.* Additionally, the June 19, 2012 email could not have induced Sampson to rely on it because she already had amended her federal complaint. (Doc. No. 9).

As a general matter, a party who seeks equitable tolling of a limitations period must show (1) she has been diligently pursuing her rights and (2) "some extraordinary circumstance" stood in her way. *Byers v. Robinson*, 2008-Ohio-4833, 2008 WL 4328189, at *13 (Ohio Ct. App. Sept. 23, 2008) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also McNeely v. Ross Corr. Inst.*, 2006-Ohio-5414, 2006 WL 2949014, at *3 (Ohio Ct. App. Oct. 17, 2006) ("Courts consider five factors to determine whether equitable tolling is appropriate in a particular case: (1) lack of actual notice of the filing requirement, (2) lack of constructive notice of the filing requirement, (3) diligence in pursuing one's rights, (4) absence of prejudice to the defendant, and (5) a plaintiff's reasonableness in remaining ignorant of the filing requirements.") (citation omitted). While Sampson timely filed her claims in state court, she has not demonstrated some extraordinary circumstance prevented her from complying with the procedure required by § 2305.19(A) or that she lacked actual or constructive notice of the procedural requirements of that subsection. *See Byers*, 2008 WL 4328189, at *16 (declining to invoke equitable tolling to preserve claims refiled nine days after the expiration of the one-year extension under § 2305.19(A)).

6

Moreover, as Defendant notes, the burden of proving waiver is high. *See State ex rel. Ryan v. State Teachers Retirement Sys.*, 643 N.E.2d 1122, 1128 (Ohio 1994) ("[W]aiver is a voluntary relinquishment of a known right."). Sampson has not presented evidence Defendant voluntarily relinquished its right to assert the statute-of-limitations defense.

I conclude the equitable doctrines, as set forth in Ohio law, do not apply and that Sampson's Ohio age discrimination claim is barred by the statute of limitations.

## V.    CONCLUSION

For the reasons stated above, I conclude Sampson's Ohio age discrimination claim is barred by the statute of limitations. Defendant's motion for leave, (Doc. No. 156), and its motion for judgment as a matter of law, (Doc. No. 156-1), are granted.

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge